UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 07-21850-MC-GRAHAM

**CLOSED CIVIL CASE**

CARNIVAL CORPORATION,

    Plaintiff,

vs.

PUERTO RICO PORTS AUTHORITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss and Notice of Objections [D.E. 6].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

The relevant facts underlying this cause are undisputed. Plaintiff, Carnival Corporation, filed a Petition against Defendant, the Puerto Rico Port Authority (the "PRPA"), seeking confirmation of an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. The dispute stems from a Terminal Agreement between the parties that governs the use of a pier and cruise passenger terminal in San Juan, Puerto Rico (the "Terminal Agreement"). Under the Terminal Agreement, any disagreement regarding the same would be resolved by the American Arbitration Association, with arbitration to be held in Puerto Rico before a

three person panel (the "Arbitration Panel"). [See D.E. 1 at 19-21.] The decision by the Arbitration Panel would be binding and judgment could be entered on the award by any court having jurisdiction. Id.

After a hearing and presentation of evidence, the Arbitration Panel found, among other things, that Plaintiff had not materially breached the Terminal Agreement and further ordered that the PRPA fulfill its contractual obligations. Plaintiff, a Panamanian corporation with its principal place of business in Miami, Florida, filed suit in this District seeking confirmation of the Arbitration Award.

The PRPA moved to dismiss the Petition asserting, inter alia, that this Court lacks personal jurisdiction. [See D.E. 6.] The PRPA, an arm of the Commonwealth of Puerto Rico, also argues that it is protected by sovereign immunity.[1] Plaintiff filed opposition to the motion to dismiss and the PRPA filed a reply [D.E. 24].[2]

---

[1] The PRPA separately filed suit in the Courts of the Commonwealth of Puerto Rico seeking to vacate, modify or correct the arbitration award. The record reflects that the suit filed in the state courts of Puerto Rico was removed and is currently pending in the United States District Court for the District of Puerto Rico.

[2] Contemporaneously, Plaintiff filed a motion for jurisdictional discovery. [See D.E. 19.] Because the Court finds that the record is sufficient to determine jurisdiction, discovery on this issue is unnecessary and, as further set forth herein, Plaintiff's request is denied. The Court also recognizes the amicus curiae materials filed in support of the motion to dismiss. [See D.E. 27.] The amicus pleadings have no impact on the decision herein because they relate to sovereign immunity, an issue this Court need not address.

## II. LAW AND DISCUSSION

A defendant may join objections to jurisdiction under Rule 12(b)(2) with a motion to dismiss for failure to state a claim or any other defenses that are assertable by motion without waiving the jurisdictional defense. As a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint. Madara v. Hall, 916 F.2d 1510, 1514 n.1. (11th Cir. 1990). In this case, the PRPA seeks to dismiss the Petition for lack of personal jurisdiction and also asserts that it is protected by sovereign immunity, among other things. Because the Court finds the jurisdictional issues dispositive, that matter is addressed first and the Court need not reach the other issues raised by the parties.[3]

**Personal Jurisdiction over Non-Resident Defendant**

The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant. Meier v. Sun Int'l. Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir. 2002) (citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)). A prima facie case is established if the plaintiff presents enough

---

[3] In addition to asserting that it is protected by sovereign immunity, the PRPA maintains that this Court should abstain from exercising jurisdiction because the public policy issues at stake are best determined by the Commonwealth courts. The Court takes no position on those matters.

evidence to withstand a motion for directed verdict. Madara, 916 F.2d at 1514. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Id. Where a defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction unless defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. Meier, 288 F.3d at 1269. Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. Madara, 916 F.2d at 1510.

In determining if a district court has personal jurisdiction over a nonresident defendant, the court must also undertake a two-part analysis. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). First, the court must look at whether the Florida long-arm statute provides a basis for personal jurisdiction. Id. If so, then the court must determine whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. Id. (quoting Int'l Shoe v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945)).

Relevant to the first prong of the analysis is that there are

two types of personal jurisdiction: specific and general. <u>Williams Electric Co. v. Honeywell, Inc.</u>, 854 F.2d 389, 392 (11th Cir. 1988). Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. <u>Consolidated Dev. Corp. v. Sheritt, Inc.</u>, 216 F.3d 1286, 1291 (11th Cir. 2000). General jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. <u>Id.</u> at 1292. The due process requirements for general jurisdiction are more stringent than for specific jurisdiction and require a showing of continuous and systematic general business contact between the defendant and the forum state. <u>Id.</u>

1.  **Florida's Long-arm Statute**

In the Petition, Plaintiff alleges "this Court has personal jurisdiction over PRPA because PRPA engages in business in Florida, which is substantial and not isolated." [<u>See</u> D.E. 1 ¶ 5.] This language in the Petition pertains to the general jurisdiction analysis. In opposing dismissal, however, Plaintiff maintains that the PRPA is subject to Florida's Long-Arm Statute under both general and specific jurisdiction [<u>see</u> D.E. 18], the requirements of which are detailed in Florida statute section 48.193. Specifically, section 48.193 states, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person,

> his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193. The reach of the Florida long-arm statute is a question of Florida law. Madara, 916 F.2d at 1514 (citation omitted). Therefore, federal courts are required to construe the statute in the same manner as the Florida Supreme Court. Id. The district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits. Id.; Snow v. Direct TV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006).

The Petition expressly alleges "this Court has personal jurisdiction over PRPA because PRPA engages in business in Florida, which is substantial and not isolated." [See D.E. 1 ¶ 5.] Florida courts have held the term "substantial and not isolated activity" as used in section 48.193(2) means "continuous and systematic general business contact" with Florida. Snow, 450 F.3d at 11318.

In seeking dismissal, the PRPA submitted the affidavit of Bernardo J. Bonilla Ortiz, its Executive Director. [See D.E. 7 at

22.] According to the Ortiz affidavit, the PRPA has no property, office, license to do business, bank accounts or an agent for service of process in Florida. Id. Furthermore, the PRPA does not sell any goods or services in Florida nor does it circulate any advertisements in the state. Id. Lastly, the PRPA does not have any subsidiaries in Florida. [See D.E. 7 at 22-23.] Mr. Ortiz does admit that he makes occasional trips to Florida to meet with federal officials and to attend industry related conferences. Id. at 23.

Plaintiff does not challenge the facts as set forth in Mr. Ortiz's affidavit. Rather, Plaintiff submits four declarations to support its argument that the PRPA is subject to general jurisdiction or, alternatively, specific jurisdiction within the state. [See D.E. 18-1 at 10.] As noted above, Plaintiff also requested jurisdictional discovery. [See D.E. 19.] Because the Court finds that the record is sufficient to determine the jurisdictional issue, the Court denies Plaintiff's request for jurisdictional discovery and proceeds to apply the case law to the relevant facts.

1. **General Jurisdiction**

For purposes of analyzing general jurisdiction, Plaintiff has submitted several declarations. Specifically, according to Steve Nielsen, a Vice President for Princess Cruise Lines, the PRPA attended one meeting in August 2003 and participated in a cruise

trip that sailed from Orlando, Florida in January 2007. [D.E. 18-14.] Matthew Sams, a Vice President with Holland America, states that the PRPA attended a Seatrade and Cruise Shipping Convention in March 2007. [See D.E. 18-13.] According to Mr. Sams, the PRPA also attended meetings of the Florida Caribbean Cruise Association held in Miami. Id. Lastly, Gloria Israel, one of Plaintiff's corporate executives identifies two trips in 2007 by the PRPA to Florida, including the March 2007 Seatrade Shipping Convention mentioned above. Id.

Although Plaintiff argues that the PRPA "frequently conducts business in Florida," the evidence does not support that conclusion. Plaintiff has identified only four specific instances spanning over approximately fours years wherein the PRPA has attended events and/or visited Florida for a business purpose. The PRPA does not dispute that it attends meetings with federal officials as well as industry related conferences [see D.E. 7 at 23], but there is no evidence that the conventions and/or meetings referenced in the declarations are systematic and continuous to the extent necessary for general jurisdiction. Moreover, it is undisputed that the PRPA does not control the location of the referenced meetings. Significantly, the unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction. Helicopters

Nacionales De Colombia v. Hall, 466 U.S. 408, 417 (1984). With the reality of Florida's role in the cruise travel industry, it is undisputed that corporate executives would reasonably come to the state for business purposes. This alone, however, is insufficient to establish systematic and continuous contacts such that those entities would then be subject to general jurisdiction in the state.

### 2. Specific Jurisdiction

Having found no general jurisdiction, the Court turns to Plaintiff's alternative argument: that the PRPA is subject to specific jurisdiction.[4] Pertinent to this issue is Florida Long Arm Statute section 48.193(1)(a), which, in relevant part, provides jurisdiction over defendants who are conducting, engaging in, or carrying on a business in Florida. See Fla. Stat. § 48.193(1)(a); Sculptchair, Inc., 94 F.3d at 627. The activities of the defendant must be considered collectively and must show a general course of business activity in the state for pecuniary benefit. Id. at 627 (citing Dinsmore v. Martin Blumenthal Assocs., Inc., 314 So.2d 561, 564 (Fla. 1975)).

In support of its argument that the PRPA is subject to specific jurisdiction, Plaintiff submitted the declaration of

---

[4] Notably, Plaintiff did not allege specific jurisdiction in the Petition [D.E. 1]. The Court, nevertheless, considers the Plaintiff's argument and evidence beyond the Petition to fully address all relevant issues.

Francisco Nolla and Gloria Israel.[5]  Mr. Nolla worked as Plaintiff's consultant during the relevant time period. [See D.E. 18-2.] According to Mr. Nolla, he met with the PRPA's general counsel in Miami concerning the Terminal Agreement and "discussed material terms." [See Id. ¶ 5.] Mr. Nolla and Ms. Israel also state that representatives of the PRPA called and faxed Plaintiff's Miami office.

A conclusory statement that materials terms of the Terminal Agreement were discussed in Miami is insufficient for purposes of specific jurisdiction.  Furthermore, even if the PRPA telephoned and faxed Plaintiff in Miami, that is insufficient for purposes of establishing that the PRPA was conducting business in Florida as required under section 48.193(1)(a).  See Sculptchair, 94 F.3d at 628 (finding that telephone calls from Canada to Florida were insufficient to establish jurisdiction); Horizon Aggressive Growth LP v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005) (rejecting the argument that defendant conducted business in Florida even though defendant made electronic and telephonic communications from California to Florida and accessed plaintiff's Florida-based computer files).

Lastly, although not dispositive of the jurisdictional issue, the Court finds demonstrative what the parties do not dispute.  For

---

[5] Plaintiff also filed portions of the testimony before the Arbitration Panel that, for purposes of the jurisdictional analysis, the Court will not recite in detail.

instance, it is undisputed that the Terminal Agreement concerns a pier in Puerto Rico and has no relevant nexus to Florida. It is also undisputed the Terminal Agreement is governed by the laws of the Commonwealth of Puerto Rico and that events in Puerto Rico have contributed to the underlying dispute. These collective facts further support the conclusion that the PRPA has not availed itself of the benefits and protections of Florida law. See Sealift Inc., v. Refinadora Costarricense de Petroleo, S.A., 792 F.2d 989, 994 (11th Cir. 1986) (finding that the choice of foreign law was an indication that a defendant did not avail itself of the benefits and protection of Florida law). Therefore, jurisdiction does not lie in this Court. Furthermore, since the requirements of the Florida Long Arm Statute are absent for either general or specific jurisdiction, a due process analysis is unwarranted. Snow, 450 F.3d at 1319.

In sum, the Court finds that the PRPA is not subject to general or specific jurisdiction in this District. Therefore, the case must be dismissed. Dismissal of a case is a severe penalty and, in the interest of justice, the Court would normally would be inclined to consider transfer of this matter pursuant to 28 U.S.C. § 1406. See, e.g., Ferris v. Rollins College, Inc., 2008 WL 4569872, *5 (preferring to transfer case to another district where the court found dismissal was warranted on jurisdictional grounds). In this case, however, an action is already pending

before the District Court of Puerto Rico and therefore transfer is unnecessary.

### III. CONCLUSION

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [D.E. 6] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the case is **DISMISSED**. The case shall be **CLOSED** for administrative purposes and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of December, 2008.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record